[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Paul Scruton appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after being arrested for driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendant commissioner.
At the administrative hearing, the hearing officer introduced in evidence, over the objection of the plaintiff, the police report on the A 44 form, as well as the police officer's supplementary narrative. The plaintiff's objection was based on the fact that the police failed to attach to CT Page 1254 their report the slip produced by the intoximeter showing the results of the first test administered to the plaintiff. That is also the sole basis of his appeal to this court.
Subsection (c) of General Statutes § 14-227b provides that the police shall send to the department of motor vehicles the police report "together with . . . a copy of the results of any chemical test or analysis." Since the police neglected to send a copy of the results of one of the tests, the department did not have it available to introduce in evidence.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Although there are exceptions to this rule, the oversight by the police in this case does not justify eliminating evidence that is highly relevant and material to the issues that the agency had to decide.
The police reports, A 44 and narrative supplement, signed under oath, state clearly and unequivocally that the results of the tests administered to the plaintiff showed alcohol/blood ratios of .187 and .151, both in excess of the legal limit of .100. The fact that the police failed to send along one of the machine slips has only tangential bearing on the reliability of the report. A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." In this case, the hearing officer was entitled to weigh the omission of the machine slip in his assessment of the reliability of the report, but he was not required to reject the report solely because of that omission. On a comparable issue, see Peters v. Department ofMotor Vehicles, 26 Conn. App. 937 (1992), a per curiam decision, which affirmed the Superior Court's (Damiani, J.) decision holding that the police failure to comply with the A 44 mailing time limit, which is another subsection (c) requirement, does not affect the report's admissibility.
In the present case, the police reports, which the CT Page 1255 hearing officer properly admitted, constituted ample and substantial evidence to support the finding that the plaintiff had failed the chemical tests.
The appeal is dismissed.
MALONEY, J.